**Clyde LITTON, M.D., Appellant,**

v.

**Joyce R. SCHEER, Appellee.**

**No. 84–969.**

District of Columbia Court of Appeals.

Argued Nov. 6, 1985.

Decided Dec. 20, 1985.

John F. Mahoney, Jr., Washington, D.C., for appellant.

William C. Burgy, Washington, D.C., for appellee.

Before NEWMAN, BELSON and ROGERS, Associate Judges.

NEWMAN, Associate Judge:

In this appeal from a judgment upon a jury verdict against him, Dr. Litton contends that the trial court erred: (1) in instructing the jury on the claim of Ms. Scheer that he did not obtain her informed consent prior to performing surgery on her; (2) in permitting the claim of breach of medical warranty to go to the jury; and (3) in denying his motion for judgment notwithstanding the verdict. We affirm.

Scheer testified that Litton did not inform her of the risk of certain types of scarring which could result from the abdominal surgery he performed upon her; Litton testified that he did. The experts who testified agreed that the scarring resulting here was within the range of that which was medically foreseeable, and that the surgeon should have informed the patient of that range. The court instructed the jury that to find for Scheer, they must determine whether or not Litton informed

Scheer "prior to the operation that a possible result of the operation could be that she would have the scar which now appears on her abdomen." We see no error. *Crain v. Allison,* 443 A.2d 558 (D.C.1982); *Canterbury v. Spence,* 464 F.2d 772, *cert. denied,* 409 U.S. 1064, 93 S.Ct. 560, 34 L.Ed.2d 518 (D.C.1972). The jury's task was to determine whether Dr. Litton had informed Ms. Scheer prior to surgery of all potential risks that would be material to a prudent person in her position in deciding whether or not to undergo the procedure. Given the record, these would include the location of the scar (the fact that it would migrate upward), as well as the form of the scar (her continued mention of a previous gall bladder scar and its flat, even appearance suggests that the doctor should have informed her of the possibility that this scar might be jagged or raised). *Hartke v. McKelway,* 228 U.S.App.D.C. 139, 143–44, 707 F.2d 1544, 1548–49 (D.C.Cir.), *cert. denied,* 464 U.S. 983, 104 S.Ct. 425, 78

L.Ed.2d 360 (1983) (materiality of the risk is evaluated by whether physician knew or should have known that a reasonable person in patient's position would be likely to attach significance to the risk).[1]

Having concluded that the trial court properly submitted the issue of informed consent to the jury, and in light of the fact that the jury found for Scheer on special interrogatories as to each claim, i.e., informed consent and medical warranty with a unitary recovery, we need not consider Litton's other two claims of error. *See Henderson v. District of Columbia,* 493 A.2d 982, 989, 991, 997 (D.C.1985).[2]

*Affirmed.*

---

1. We note further that the transcript of the hearing where instructions were "settled", Litton stated that he did not disagree with this, although he later requested, after instructions, that a different formulation be submitted to the jury as a special interrogatory.

2. We find no merit to Litton's claim that the error (assuming it existed), in submitting the medical warranty claim to the jury, in some manner infects the validity of the informed consent verdict.